THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vincent L. Barr, # 45035, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 2:04-1419-CMC-RSC |
| v. ) | |
| ) | **O R D E R** |
| County of Richland; Barbra [sic] Scott, Clerk of Court; ) | |
| Barney Giese, Solicitor; Joseph Bocheneck, Director; ) | |
| Charles Clark, Chief of Police; John Wilkins, ) | |
| Public Defender; Alvin S. Glenn, Detention Center; and ) | |
| Columbia Police Dept., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action was filed by a *pro se* prisoner currently incarcerated in the South Carolina

Department of Corrections. Plaintiff claims his rights were violated because he was not transported

to a hearing on February 9, 2004 and a warrant was thereafter issued for his failure to appear.

Plaintiff alleges Defendants failed to inform the court he was in custody, or transport him to the court

hearing scheduled for February 9, 2004, resulting in his subsequent arrest in April 2004. Plaintiff

seeks compensatory damages for the alleged wrongs inflicted upon him by Defendants.

On August 20, 2004, this court issued an order dismissing Defendants Scott, Giese, Wilkins,

and the Alvin S. Glenn Detention Center without prejudice and without issuance and service of

process. The remaining defendants filed motions for summary judgment. Orders were thereafter

issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Plaintiff responded to

the motions for summary judgment on December 8, 2004.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02

(B)(2)(b), and (d), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr

for pre-trial proceedings and a Report and Recommendation. On February 18, 2005, the Magistrate Judge issued a Report recommending dismissal of this case because this court lacks subject matter jurisdiction. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on March 7, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. In his complaint, Plaintiff does not state a viable cause of action against Defendants County of Richland, Joseph Bochenek, Charles Clark, and the Columbia Police Department.[1] Nowhere in Plaintiff's complaint does he alleged Defendants *intentionally* did not transport him to the hearing; rather, his complaint asserts it was Defendants' "duty to transport the plaintiff to court while in their [Defendants'] custody," and that he allegedly told an unnamed official that he was due to appear in court, and that Defendants did not thereafter transport him. Compl. at 5 (filed May 14, 2004). In other words, Plaintiff does not allege that it was Defendants' established policy not to transport

---

[1]As noted above, the remaining defendants have already been dismissed from this action.

inmates to hearings, but rather because of their alleged negligence in his particular case, he suffered

a loss of liberty (because he was subsequently arrested on the warrant issued for his failure to appear)

and a loss of property (because he allegedly had to forfeit the portion of the bond which he had

posted).

In the Affidavit in Support of Motion for Summary Judgment filed December 8, 2004,

Plaintiff maintains that because of Defendants' failure to transport him to the hearing on February

9, 2004, the portion of a $5,000 bond which he had posted ($500) was forfeited. Assuming, without

deciding, that this forfeiture might raise a plausible procedural due process violation under the

Fourteenth Amendment, deprivations of personal property, including negligent deprivations of

personal property, do not support an action for damages under § 1983. *See Daniels v. Williams*, 474

U.S. 327, 328-36 & n.3 (1986). Additionally, Plaintiff's claim for this loss of property is not

cognizable in this court because South Carolina provides Plaintiff with an adequate post-deprivation

remedy under the South Carolina Tort Claims Act. *See* S.C. Code Ann. §15-78-10 *et seq.* (Law Co-

Op. 1976 & Supp. 2004).[2]

Accordingly, the court adopts and incorporates the Report and Recommendation by

reference in this Order. Plaintiff's complaint fails to state a viable claim under 42 U.S.C. § 1983.

Plaintiff's motion for summary judgment is dismissed without prejudice, as are Plaintiff's motions

filed March 1, 2005 for sanctions and to compel. Defendants' motions for summary judgment are

dismissed without prejudice.

IT IS ORDERED that this matter is dismissed without prejudice as this court is without

---

[2]This is, of course, assuming that some viable claim regarding the forfeiture of Plaintiff's bond exists and was not addressed by the state court when Plaintiff entered his guilty pleas to the pending indictment on April 27, 2004.

subject matter jurisdiction to consider it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 4, 2005

C:\Documents and Settings\Guest\Desktop\04-1419 Barr v. Richland County e motions for summary judgment granted adopt RR.wpd